UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WASHINGTON SCOTT                           CIVIL ACTION

VERSUS

LIBERTY MUTUAL FIRE                    NO.: 17-00009-BAJ-EWD
INSURANCE COMPANY ET AL.

## ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 25)** filed by Defendants Donald Muller, Jr. ("Muller") and Pike Electric, LLC ("Pike Electric"). Plaintiff Washington Scott filed an opposition. (Doc. 28) For the reasons herein, the Court will defer ruling on Defendants' motion pending any amendments to Plaintiff's opposition.

I.     BACKGROUND

This case arises out of an automobile accident that occurred on May 26, 2016. (Doc. 25-2 at p. 1) Plaintiff alleges that while he was driving westbound on Interstate 12 ("I-12"), Muller slammed his vehicle into the rear and side of Plaintiff's truck. (Doc. 1 at p. 3-4) Plaintiff asserts that he suffered personal and bodily injuries and mental anguish as a result of the accident. (*Id.* at p. 4) Plaintiff also alleges that Muller was acting within the scope of his employment for Pike Electric at the time of the accident. (*Id.* at p. 3)

In contrast, Defendants claim that Plaintiff was responsible for the accident. They assert that Muller was traveling in the right lane on I-12 when Plaintiff began

to tailgate him and then eventually passed him on the left. (Doc. 25-3 at p. 2) Thereafter, Plaintiff allegedly began to tailgate another vehicle, driven by Haven Kinchen, in the left lane. (*Id.*) Kinchen began to slow down due to construction. (Doc. 25-4 at p. 2) Defendants claim that Plaintiff was driving too fast to avoid hitting Kinchen, and he therefore struck the rear of her vehicle, pushing her across the right lane and all the way to the shoulder. (*Id.*) Immediately thereafter, Plaintiff's vehicle suddenly entered the right lane in front of Muller's vehicle. (Doc. 25-3 at p. 3) As a result, Muller could not stop to avoid colliding with Plaintiff's vehicle. (*Id.*) Defendants now move for summary judgment, asserting that Muller was not at fault as a matter of law.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502

2

U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

In the instant case, Defendants offer the sworn affidavit of Muller and the deposition of Kinchen as evidence. The only evidence that Plaintiff offers in opposition is his own response to Defendants' interrogatories, which are unsworn and signed only by Plaintiff's former attorney. (Doc. 28-1) The Court cannot consider Plaintiff's interrogatory responses in deciding Defendants' summary judgment motion. The Court has previously held that interrogatories must be signed by the party to whom they are directed, rather than a party's attorney. *Floyd*

3

*v. Chilly's L.L.C. of Alabama*, No. 14-00544-BAJ-RLB, 2017 WL 1455024 at *2 (M.D. La. Apr. 21, 2017) Moreover, Courts in this circuit have repeatedly held that interrogatory answers may be considered as evidence during summary judgment only if they are sworn or made under the penalty of perjury. *E.g.*, *Wendling v. Ruiz*, No. 06-9497, 2007 WL 4233551, at * 3 (E.D. La. Nov. 28, 2007) (holding that unsworn answers to interrogatories are not competent summary judgment proof). Because Plaintiff offers no other evidence in support of its opposition to summary judgment, the Court will provide Plaintiff with an opportunity to supplement the interrogatories. *See Jacobs v. Reno*, 208 F.3d 1006, n. 2 (5th Cir. 2000) ("Rule 15(a) vests the district judge with virtually unlimited discretion to allow amendments.").

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff has until February 5, 2019 to amend his opposition to summary judgment. Moreover, the Court will defer ruling on Defendants' **Motion for Summary Judgment (Doc. 25)** pending any amendment to Plaintiff's opposition.

Baton Rouge, Louisiana, this 28th day of January, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4