UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WASHINGTON SCOTT                                    CIVIL ACTION

VERSUS

LIBERTY MUTUAL FIRE                    NO.: 17-00009-BAJ-EWD
INSURANCE COMPANY ET AL.

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 25)** filed by Defendants Donald Muller, Jr. ("Muller") and Pike Electric, LLC ("Pike Electric"). Plaintiff Washington Scott filed an opposition. (Doc. 28) For the reasons offered herein, the **Motion for Summary Judgment (Doc. 25)** is **GRANTED**.

### I. BACKGROUND

This case arises out of an automobile accident that occurred on May 26, 2016. (Doc. 25-2 at p. 1) Plaintiff alleges that while he was driving westbound on Interstate 12 ("I-12"), Muller slammed his vehicle into the rear and side of Plaintiff's truck. (Doc. 1 at p. 3-4) Plaintiff asserts that he suffered "personal and bodily injuries and mental anguish" as a result of the accident. (*Id.* at p. 4) Plaintiff also alleges that Muller was acting within the scope of his employment for Pike Electric at the time of the accident. (*Id.* at p. 3)

In contrast, Defendants claim that Plaintiff was responsible for the accident. They assert that Muller was traveling in the right lane on I-12 when Plaintiff began to tailgate him and then eventually passed him on the left. (Doc. 25-3 at p. 2)

Thereafter, Plaintiff allegedly began to tailgate another vehicle, driven by Haven Kinchen, in the left lane. (*Id.*) Kinchen began to slow down due to construction. (Doc. 25-4 at p. 2) Defendants claim that Plaintiff was driving too fast to avoid hitting Kinchen, and he therefore struck the rear of Kinchen's vehicle, pushing her across the right lane and all the way to the shoulder. (*Id.*) Immediately thereafter, Plaintiff's vehicle suddenly entered the right lane in front of Muller's vehicle. (Doc. 25-3 at p. 3) As a result, Muller could not stop to avoid colliding with Plaintiff's vehicle. (*Id.*) Defendants now move for summary judgment, asserting that Muller was not at fault as a matter of law.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable

jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

### A. Plaintiff's Interrogatories

In the instant case, Defendants offer the sworn affidavit of Muller and the deposition of Kinchen as evidence. The only evidence that Plaintiff offers in opposition is his own response to Defendants' interrogatories, which are unsworn and signed only by Plaintiff's former attorney. (Doc. 28-1) The Court cannot consider Plaintiff's interrogatory responses in deciding Defendants' summary judgment motion. The Court has previously held that interrogatories must be signed by the party to whom they are directed, rather than a party's attorney. *Floyd*

*v. Chilly's L.L.C. of Alabama*, No. 14-00544-BAJ-RLB, 2017 WL 1455024 at *2 (M.D. La. Apr. 21, 2017) Moreover, courts in the Fifth Circuit have repeatedly held that interrogatory answers may be considered as evidence during summary judgment only if they are sworn or made under the penalty of perjury. *E.g.*, *Wendling v. Ruiz*, No. 06-9497, 2007 WL 4233551, at * 3 (E.D. La. Nov. 28, 2007) (holding that unsworn answers to interrogatories are not competent summary judgment proof). No such attestation has been offered to the interrogatory answers here. As such the Court cannot consider Plaintiff's interrogatories in its analysis.[1]

### B. Liability of Defendants

Defendants assert that summary judgment should be granted in their favor because Muller was not at fault for the accident on May 26, 2016. In Louisiana, "the law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by La. R.S. 32:81(A) and is therefore liable for the accident." *Byrd v. Norman*, No. 17-471-JWD-EWD, 2017 WL 5986470, at * 6 (M.D. La. Nov. 14, 2017) (citing *Harbin v. Ward*, 147 So.3d 213, 218 (La. App. 1 Cir. 2014)).

A motorist may rebut this presumption by establishing (1) that he kept his vehicle under control, (2) that he closely observed the forward vehicle, and (3) that he followed at a safe distance under the circumstances. It appears to be undisputed that Muller's vehicle collided with the rear of Plaintiff's vehicle. However, Muller meets the criteria necessary to avoid liability. First, Muller properly kept his

---

[1] The Court provided Plaintiff with seven days to amend his response to Defendant's motion for summary judgment, but Plaintiff failed to do so. (Doc. 39)

vehicle under control. In his affidavit, he stated that he was traveling the speed limit at 60 miles per hour in the right lane. (Doc. 25-3 at p. 1-2) Second, Muller closely observed the forward vehicle. He stated that he observed Plaintiff's vehicle tailgate him, move into the left lane, tailgate Kinchen's vehicle, collide with her vehicle, and then swerve into his lane without warning. (*Id.* at p. 2) Kinchen verified this as she testified that she observed Plaintiff drive up behind her in the rearview mirror, traveling too fast to be able to stop as she slowed for construction. (Doc. 25-4 at p.4) She also verified that Plaintiff thereafter collided with her vehicle and pushed her into the right lane. (*Id.* at p. 5) Muller's detailed description of Plaintiff's vehicle prior to the collision, which is corroborated by Kinchen's testimony, evidences his close observation and attention to what was occurring in front of him. Third, Muller's testimony indicates that he followed Plaintiff's vehicle under safe circumstances. In fact, Muller's testimony indicates that he was not following Plaintiff's vehicle at all until Plaintiff, without warning, swerved into his lane. (Doc. 25-3 at p. 2)

A motorist may also avoid liability if he proves that he was faced with a "sudden emergency." Under the sudden emergency doctrine, a motorist must show that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. *Webb v. Jordan*, 540 So.2d 977 (La. App. 2nd Cir. 1989). The record indicates that the sudden emergency doctrine also applies to Muller. Plaintiff negligently created a hazard by entering the right lane in front of Muller without warning. (*Id.*) As such, Muller could not avoid hitting the rear of the

vehicle. Because Plaintiff has not controverted any of this evidence, Defendants are entitled to summary judgment.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 25)** is **GRANTED**.

Baton Rouge, Louisiana, this 13th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**